#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

SUSAN KILLOUGH,
    Plaintiff,

v.                                                                  No:  1:17-CV-00570-SCY-LF

SUNDROP SOLAR, LLC; GREENSKY, LLC; AND
THE BRAND BANKING COMPANY, INC.,
    Defendants.

### GREENSKY, LLC AND THE BRAND BANKING COMPANY, INC.'S MOTION TO DISMISS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL PURSUANT TO RULE 12(B)(6)

Defendants GreenSky, LLC ("GreenSky") and The Brand Banking Company, Inc. ("Brand Bank") (together, the "Lender Defendants"), through their undersigned counsel, hereby respectfully move to dismiss the Complaint for Damages and Demand for Jury Trial ("Complaint") filed by Susan Killough ("Plaintiff"), pursuant to Rule 12(b)(6) of the Rules of Federal Procedure. As grounds for their motion (the "Motion"), Lender Defendants state as follows:

**Local Rule 7.1(a):**  Pursuant to LR-Civ. 7.1(a), counsel for Lender Defendants has conferred with counsel for Plaintiff concerning the relief requested herein.  Counsel for Plaintiff opposes this motion.

#### INTRODUCTION

This action primarily concerns fraud and breach of contract claims by Plaintiff against Sundrop Solar, LLC ("Sundrop") in connection with a contract for the purchase and installation of solar panels, which were never installed.  More particularly, Plaintiff's Complaint alleges that Sundrop went to Plaintiff's home in June 2016, and offered to install solar panels and seal her air ducts (the "Project") in exchange for payment of $28,035.  Neither GreenSky nor Brand Bank

were involved in the sale of the solar panels to Plaintiff or in Sundrop's representations or actions concerning the same. Rather, Lender Defendants merely provided the financing for the Project, and since being informed that charges were made by Sundrop without its having completed the Project as agreed, Lender Defendants have been in the process of having such charges reversed from the loan account.

Nevertheless, Plaintiff has asserted claims against Lender Defendants for (1) violation of the New Mexico Unfair Trade Practices Act ("UPA") and (2) civil conspiracy, as well as a claim against Brand Bank under the Truth in Lending Act ("TILA") for purportedly failing to provide certain financial disclosures to Plaintiff in a timely fashion. For the reasons below, the Complaint does not contain sufficient or plausible factual allegations to state a claim for relief against Lender Defendants with respect to these claims. Accordingly, Plaintiff's Complaint should be dismissed with prejudice as to these defendants pursuant to Rule 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." In assessing a motion to dismiss filed under Rule 12(b)(6), the Court must determine whether the complaint has stated a claim for relief "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a claim has factual plausibility when the plaintiff pleads facts that allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009); *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 545)).

Although in assessing a motion to dismiss, the Court must accept as true all allegations in the complaint, this precept only applies to factual allegations, not legal conclusions. *Id.* The requirement that a complaint provide a "short and plain statement…showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), requires more than "an unadorned the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. Thus, a complaint that offers only "labels or conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient and subject to dismissal. *Iqbal*, 556 U.S. at 678. In other words, "[t]he [well-pleaded factual] allegations in the complaint must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 555).

## STATEMENT OF THE FACTS FROM PLAINTIFF'S COMPLAINT

The following facts are derived from the Complaint, and are assumed as true only for the purpose of this motion to dismiss.

1. On or about June 27, 2016, Sundrop went to Plaintiff's home to discuss the purchase and installation of solar panels. *See* Complaint, ¶ 12.

2. Sundrop represented to Plaintiff that it would install 22 Kyocera solar panels on her home within 120 days from June 27, 2016, and seal her air ducts, at a cost of $28,035. *Id.* at ¶ 14.

3. Sundrop also told Plaintiff that she would receive a 2016 federal tax credit in the amount of $8,410.50 for the solar panels. *Id.* at ¶ 15.

4. As part of this initial meeting, Sundrop represented to Plaintiff that it could obtain financing for her through GreenSky. *Id.* at ¶ 16.

5. Sundrop also represented to Plaintiff that she would not have to make any payments on the loan for 12 months. *Id.* at ¶ 17.

6. Additionally, Sundrop represented to Plaintiff that it would be paid 50% of the agreed upon price at the time of the contract, and the remaining 50% upon completion of the installation. *Id.* at ¶ 18.

7. Based upon Sundrop's representation, on June 27, 2016, Plaintiff signed a purchase agreement, along with "other documents." *Id.* at ¶ 19.

8. Sundrop did not give Plaintiff copies of all the documents she signed. *Id.* at ¶ 20.

9. However, Sundrop provided Plaintiff a "Borrower Payment Certificate." *Id.* at ¶ 25.

10. Plaintiff signed the Borrower Payment Certificate, acknowledging and certifying that all work had been completed. *Id.* at ¶ 26.

11. Plaintiff did not "see, sign or review any retail installment credit agreement with Brand Bank or any other lender." *Id.* at ¶ 23.

12. On or about July 3, 2016, Sundrop requested and received the first disbursement under the Purchase Agreement. *Id.* at ¶ 28.

13. In July and August 2016, Sundrop had the site plan drawn up and facilitated Plaintiff's application to PNM for interconnection. *Id.* at ¶ 29.

14. On or about August 17, 2016, Sundrop sent a company called Super Sure Seal to Plaintiff's home to seal her air ducts. *Id.* at ¶ 30.

15. On or about September 13, 2016, Sundrop requested and received the second disbursement under the purchase agreement. *Id.* at ¶ 32.

16. After inquiring as to how she can monitor her account, GreenSky helped Plaintiff set up online access to her account. *Id.* at ¶ 54.

17. In or around February 2017, Plaintiff complained to GreenSky about Sundrop failing to install the solar panels, and GreenSky provided Plaintiff an affidavit for Plaintiff to complete. *Id*., ¶¶ 59-60.

18. Plaintiff claims that as a result of "Defendants' actions" she has suffered actual damages, including, but not limited to, loss of money, damage to her credit rating, loss of time, and aggravation, frustration, and inconvenience. *Id.* at ¶ 69.

## ARGUMENT

### I. Plaintiff Fails to State a Claim for Relief Against Lender Defendants for Violation of the UPA.

Plaintiff alleges that Lender Defendants violated the UPA. However, her Complaint does not contain specific *factual* allegations to support the elements of this claim, and instead provides generic and conclusory accusations that "Defendants" violated the statute. This is insufficient, and Plaintiff's UPA claim should be dismissed as to the Lender Defendants.

#### A. The Complaint Does not Allege Lender Defendants Knowingly Made Any False or Misleading Statements.

In order to survive a motion to dismiss with respect to a UPA claim, a complaint must contain factual allegations that:

> (1) The defendant made an oral or written statement, a visual description or a representation of any kind that was either ***false or misleading***; (2) the false or misleading representation was ***knowingly*** made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person.

*See Lohman v. Daimler-Chrysler Corp*., 2007-NMCA-100, ¶ 5, 142 NM 437 (emphasis added). Thus, in order to survive a motion to dismiss, a complaint must allege (among other things), that

5

the defendant *knowingly* made a *false or misleading* statement in connection with the sale, lease, rental, or loan of goods and services.  *See id*.

Here, Plaintiff's Complaint does not allege that Lender Defendants made any false or misleading oral or written statements.  Rather, Plaintiff's Complaint only alleges that *Sundrop* made false or misleading misrepresentations.  *See, e.g.,* Complaint, ¶¶ 14, 52, 53 (concerning Sundrop's alleged promise to install solar panels and subsequent failure to do so).  Moreover, even if Plaintiff had also alleged Lender Defendants made misrepresentations (which she did not), the Complaint also fails to allege that any such misrepresentations were *knowingly* made.

Nor would such conclusory allegations be sufficient or plausible in this case, as the Complaint itself demonstrates Lender Defendants were not present during the sales transaction with Sundrop and did not interact with Plaintiff concerning the same.  *See* Complaint, ¶¶ 12-21.  Rather, the Complaint alleges that it was Sundrop who interacted with Plaintiff, *see id.,* and that Sundrop told her it could obtain financing for Plaintiff through GreenSky.  *See* Complaint, ¶ 16.  In fact, the only allegations in the Complaint related to any interactions as between Plaintiff and either of Lender Defendants are that GreenSky helped Plaintiff set up online access to her account (*Id.* at ¶ 54), that GreenSky provided an affidavit to Plaintiff in order to investigate her claims against Sundrop (*Id.* at ¶ 60), and that GreenSky provided her with "provisional credit" for the improper charges by Sundrop.  Plaintiff does not allege that Lender Defendants made any misrepresentations with respect to these interactions, let alone that they did so knowingly.  Accordingly, Plaintiff's claim against the Lender Defendants for violation of the UPA should be dismissed with prejudice.

### B. Plaintiff Does not Plausibly Allege Lender Defendants Were Involved in a "Door-to-Door" Sale or that they Failed to Acknowledge any of Plaintiff's Legal Rights Under NMSA 1978 § 57-12-21.

Plaintiff's Complaint also alleges that "The foregoing actions of Defendants constitute[s] a door-to-door sale within the meaning of the UPA, NMSA 1978 § 57-12-21" (which statute defines a door-to-door sale as "a sale, lease or rental of consumer goods or services with a purchase price of twenty-five dollars ($25.00) or more"). *See* Complaint, ¶ 72. The Complaint further alleges that "Defendants" failed to comply with the "Notice of Cancellation" and right to cancel provisions of § 57-12-21, and that "Defendants refused to acknowledge that legal right, which itself is an unfair trade practice." These allegations are insufficient to state a claim for relief against Lender Defendants.

First, Plaintiff broadly asserts that "*Defendants*" failed to provide a separate, easily detachable Notice of Cancellation, and that "*Defendants*" refuse to acknowledge her legal right to cancel the purchase agreement. *See* Complaint, ¶ 73, *citing Jaramillo v. Gonzales*, 2002-NMCA-072, 132 N.M. 459. However, this generic allegation fails to satisfy the notice standards set forth in Rule 8(a), as it provides no notice as to which of the multiple defendants here took what actions. "To provide adequate notice, a complaint in a complex, multi-party suit may require more information than a simple, single party case." *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002) Where it "is impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred," a district court does not err in dismissing the complaint for failure to state a claim. *Id*.

Moreover, there are no allegations in the Complaint that Lender Defendants participated in a door-to-door sale in any way. Rather, the Complaint only alleges that Sundrop came to Plaintiff's home to discuss the purchase and installation of the solar panels. *See* Complaint, ¶ 12. Further,

7

the requirements of the statute relied on by Plaintiff—NMSA 1978 § 57-12-21—only apply to a "seller" in connection with a "door-to-door sale," and neither of Lender Defendants was the seller in connection with the door-to-door sale alleged here.

Further with respect to Plaintiff's allegations that "Defendants" refuse to acknowledge her legal right to cancel the sales contract, Plaintiffs' Complaint contains no specific factual allegations demonstrating that (1) she asserted such right pursuant to § 57-12-21 or (2) that Lender Defendants have refused to acknowledge she has such a right.

Accordingly, for the reasons above, Plaintiff fails to state a claim for relief against Lender Defendants for violation of the UPA, and such claim should therefore be dismissed with prejudice.

## II. **Plaintiff's Complaint Fails to State a Claim for Relief Against Brand Bank Under TILA.**

Plaintiff alleges that Brand Bank violated 15 U.S.C. § 1638(b) by failing to provide certain disclosures in connection with financing the Project in the form and time provided for in § 1638(a). *See* Complaint, ¶ 23. In connection with her TILA claim, Plaintiff seeks to recover statutory damages in the amount of $2,000.00 and also actual damages. *Id.* at ¶ 79. However, TILA does not provide statutory damages for a violation of § 1638(b), *see Dykstra v. Wayland Ford, Inc.*, 134 Fed. Appx. 911, 916 (6th Cir. 2005); and Plaintiff's Complaint does not contain any specific factual allegations as to what actual damages she purportedly incurred as a result of the alleged deficiencies in the form and time Barnes Banking's disclosures.

In *Dykstra*, the Court analyzed TILA's statutory scheme, noting that § 1638(b) "specifies the form and timing of [required disclosures]." *Dykstra* at 916. But, the form and timing requirements of § 1638(b) relate only tangentially to TILA's substantive disclosure requirements, and a violation of the form and timing requirements is not one of the enumerated TILA violations that permit a statutory damages award. *See Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 869 (6th

Cir. 2003) (adopting the conclusion that "§ 1638(b) is a separate requirement that relates only tangentially to the underlying substantive disclosure requirements of § 1638(a)" and that "a § 1638(b) violation is not one of the enumerated violations that warrant a statutory damages award."). Accordingly, even if Brand Bank violated the form and timing requirements of § 1638(b), statutory damages are not available to Plaintiff.

As a result, a TILA claim like the one alleged here "is actionable only if the consumer can show actual damages." *Baker*, at 869. "In order to state a TILA claim for actual damages, a plaintiff must demonstrate detrimental reliance upon an inaccurate or incomplete disclosure." *Haro v. Bank of NY Mellon Corp.*, 2012 WL 912924 at *4 (D. Hawaii Mar. 16, 2012); *accord Vallies v. Sky Bank*, 591 F.3d 152, 155–56 (3d Cir. 2009) ("Although we have not had an opportunity to examine this issue, we have previously noted that "[s]everal courts have held that detrimental reliance is an element of establishing actual damages under TILA." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 302 n. 20 (3d Cir. 2005). In fact, every court of appeals that has spoken on this issue has required a showing of detrimental reliance.").

In *Haro*, for example, the Court dismissed the plaintiffs' TILA claim because they did not allege any facts demonstrating that they "relied to their detriment on the lack of TILA disclosures nor have they alleged any actual damages or finance charges related to [Defendant's] alleged TILA violation." 2012 WL 912924 at *5 (noting that plaintiffs' claims are "vague and conclusory" and "fail to state a claim for damages under TILA"). Here, as in *Haro*, Plaintiff failed to allege that she relied on the lack of timely TILA disclosures or the form of the TILA disclosures she received. Nor does she allege that she relied on them to her detriment. In fact, Plaintiff's Complaint does contain any specific allegations showing she incurred any damages attributable to the disclosures

9

at all. Accordingly, Plaintiff has failed to state a claim for relief against Brand Bank under TILA and such claim should therefore be dismissed with prejudice.

**III.** **Plaintiff's Complaint Fails to State a Claim for Relief Against Lender Defendants for Civil Conspiracy.**

Finally, Plaintiff's civil conspiracy claim also fails as a matter of law, because the Complaint does not allege any specific facts surrounding the alleged "conspiracy," and fails to allege that any wrongful acts were carried out by Lender Defendants in furtherance of the purported conspiracy.

"A civil conspiracy requires a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *See Applied Capital, Inc. v. Gibson*, 558 F. Supp. 2d 1189, 1199 (D.N.M. 2007) (citing *Los Alamos Nat'l Bank v. Martinez Surveying Servs.*, LLC, 140 N.M. 41, 47, 139 P.3d 201, 207). "[A]n agreement by itself, without an independent, unlawful act, is not an improper means." *Los Alamos Nat'l Bank v. Martinez Surveying Servs.*, LLC, 140 N.M. at 47, 139 P.3d at 207.

Here, while the Complaint generally alleges that "agreements existed" between Sundrop and Lender Defendants (Complaint ¶ 89), it does not identify the specific agreements to which Plaintiff is referring, how these agreements were allegedly used in connection with the purported conspiracy, or what each defendant's alleged role was in the same. Moreover, the Complaint does not contain any allegations as to what the purported purpose of the defendants' agreements were, let alone an allegation they were entered into in order to accomplish an unlawful purpose. Rather, Plaintiff's Complaint alleges only that Sundrop committed wrongful acts and that "Agreements existed between Sundrop, GreenSky, and BrandBank that <u>allowed</u> these wrongful acts to be carried out." *See* Complaint, ¶ 89 (emphasis added). These allegations are wholly insufficient to demonstrate any intent on the part of Lender Defendants to accomplish an unlawful purpose or

10

even a lawful purpose by unlawful means. Additionally, Plaintiff's allegations are too generalized and vague to establish the elements of civil conspiracy. *See Deere & Co. v. Zahm*, 837 F.Supp. 346, 351 (D. Kan. 1993) ("Each element of civil conspiracy, including the individual defendants' involvement in the conspiracy, must be pled with some specificity. A plaintiff must make more than conclusory allegations of the existence of a conspiracy; it must set forth some supporting factual details in order to sustain a claim for relief.") (citing *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159, 1162–63 (10th Cir.1991) (conclusory allegation of conspiracy in connection with adverse employment action insufficient to state a claim under § 1985(3)); *see also Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989) (plaintiff must provide "specific facts showing agreement and concerted action" to sustain civil rights conspiracy claim); *Clulow v. Oklahoma,* 700 F.2d 1291, 1296, 1303 (10th Cir.1983), *overruled on other grounds, Newcomb v. Ingle*, 827 F.2d 675 (10th Cir. 1987) (conclusory allegation of conspiracy without supporting factual averments insufficient to state claim).

Accordingly, Plaintiff's claim for civil conspiracy fails as a matter of law, and Plaintiff's claims against Lender Defendants should be dismissed with prejudice pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to Lender Defendants and the claims against these defendants should therefore be dismissed with prejudice pursuant to Rule 12(b)(6).

WHEREFORE, Lender Defendants respectfully request that the Court dismiss the claims against them with prejudice and grant such other relief as the Court deems just and proper.

DATED this 30th day of June, 2017.

        MURR SILER & ACCOMAZZO, P.C.

        */s James P. Eckels*
        James P. Eckels
        410 Seventeenth Street, Suite 2400
        Denver, Colorado 80202
        TEL: (303) 534-0311
        FAX: (303) 534-1313
        Email: jeckles@msa.legal

        AND

        Jared D. Najjar
        2200 Brothers Rd.
        Santa Fe, New Mexico
        TEL:   (505) 982-8514
        FAX:   (303) 534-1313
        Email: jnajjar@msa.legal

        *Attorneys for GreenSky LLC and The Brand Banking Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, I served a copy of the foregoing to the following by:

☐     U.S. Mail, postage prepaid
☐     Hand Delivery
☐     Fax
☒     Electronic Mail

Susan Warren
Feferman, Warren & Mattison
300 Central Ave., SW, Ste. 2000 West
Albuquerque, NM  87102
swarren@swcp.com

*Counsel for Plaintiff Susan Killough*

        By: */s/ Catherine L. Alling*
        Catherine L. Alling, Paralegal